**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| GERALD SINEGAL,  §<br>Plaintiff,  §<br>  §<br>vs.  §<br>  §<br>BIG HORN AUTO SALES, INC. AND  §<br>JOHN DOES I-X,  §<br>Defendants.  §<br>  § | CIVIL ACTION NO.<br><br>**COMPLAINT**<br>Jury Trial Demanded |

## NATURE OF ACTION

1.  Plaintiff Gerald Sinegal ("Plaintiff") brings this action against Defendants Big Horn Auto Sales, Inc. ("BHAS") and John Does I-X ("Does I-X") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq*., the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq*., and Texas Common law.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.  Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Harris, and City of Houston.

5.  Plaintiff is allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. BHAS is a company that regularly sells vehicles to consumers.

8. BHAS is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

9. BHAS is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

10. Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

11. Does I-X are persons and/or entities that at all relevant times were acting as repossession agents working at the behest of BHAS.

12. At all relevant times, Does I-X were persons and/or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

13. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

14. Does I-X are "debt collectors" as defined by Tex. Fin. Code § 392.001(6).

**FACTUAL ALLEGATIONS**

15. In the summer of 2020, Plaintiff purchased a 2007 Chevrolet Silverado (the "Vehicle") from BHAS.

16. Plaintiff purchased the Vehicle for his own personal family and household use.

17. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

18. Plaintiff financed the Vehicle with BHAS.

19. In connection with the transaction, Plaintiff executed a loan agreement in BHAS's favor.

20. As part of the agreement, BHAS obtained a security interest in the Vehicle.

21. The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

22. BHAS is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

23. Thereafter, BHAS engaged its repossession agents, Does I-X, to repossess the Vehicle.

24. On or about November 30, 2020, Does I-X went to Plaintiff's home to repossess the Vehicle.

25. When Does I-X arrived at Plaintiff's home, Plaintiff's cousin was in the Vehicle.

26. Plaintiff noticed Does I-X's arrival and entered the Vehicle as well.

27. Plaintiff confronted Does I-X, protested the repossession, and demanded that Does I-X leave his property immediately.

28. Does I-X ignored Plaintiff's protest and crashed the tow truck into the Vehicle while Plaintiff and his cousin occupied it, and lifted the Vehicle.

29. As a result, Plaintiff and his cousin were injured.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## Does I-X

30. Plaintiff repeats and re-alleges each factual allegation contained above.

31. Plaintiff loudly, ardently, and unequivocally protested Does I-X's repossession.

32. Once Plaintiff protested Does I-X's repossession, they lost the right to continue with the repossession.

33. Nonetheless, Does I-X continued with the repossession and thereby breached the peace.

34. Does I-X also breached the peace by using physical force on the body of Plaintiff and his cousin during the repossession.

35. By continuing with the repossession after losing the right to do so, Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF TEX. BUS. & COM. CODE § 9.609
### BHAS

36. Plaintiff repeats and re-alleges each factual allegation contained above.

37. BHAS's repossession agents, Does I-X, breached the peace by continuing its repossession in the face of Plaintiff's loud, ardent and unequivocal protest.

38. BHAS's repossession agents, Does I-X, breached the peace by using force on the body of Plaintiff and his cousin during its repossession.

39. BHAS violated TEX. BUS. & COM. CODE § 9.609 when its repossession agents, Does I-X, breached the peace to repossess Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that BHAS violated TEX. BUS. & COM. CODE § 9.609;

b) Awarding Plaintiff statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF TEX. FIN. CODE § 392.301
## ALL DEFENDANTS

40. Plaintiff repeats and re-alleges each and every factual allegation contained above.

41. BHAS's repossession agents, Does I-X, engaged in illegal conduct by continuing its repossession after Plaintiff confronted Does I-X and protested the repossession.

42. Does I-X engaged in illegal conduct by breaching the peace during the repossession.

43. Does I-X engaged in illegal conduct by battering Plaintiff.

44. Does I-X engaged in illegal conduct by stealing Plaintiff's tools.

5

45. As the secured creditor that hired Does I-X, BHAS is liable for Does I-X's conduct.

46. BHAS and Does I-X violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking an action prohibited by law in connection with the collection of the alleged debt.

47. BHAS and Does I-X violated TEX. FIN. CODE § 392.301(a)(1) by using or threatening to use violence or other criminal means to cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated TEX. FIN. CODE § 392.301(a)(8);

b) Adjudging that Does I-X violated TEX. FIN. CODE § 392.301(a)(1);

c) Adjudging that BHAS, as the secured party that hired Does I-X, is liable for Does I-X's violation of TEX. FIN. CODE § 392.301(a)(8).

d) Adjudging that BHAS, as the secured party that hired Does I-X, is liable for Does I-X's violation of TEX. FIN. CODE § 392.301(a)(1).

e) Awarding Plaintiff injunctive relief pursuant to the TDCA;

f) Awarding Plaintiff actual damages pursuant to the TDCA;

g) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

h) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## BATTERY
## ALL DEFENDANTS

48. Plaintiff repeats and re-alleges each factual allegation contained above.

49. Does I-X committed a battery when lifting the Vehicle while Plaintiff and his cousin occupied it.

50. Does I-X's actions in purposefully lifting the Vehicle while Plaintiff and his cousin occupied it evidence that the actions were outrageous and guided by an evil mind.

51. BHAS, as the secured party that hired Does I-X, is liable for Does I-X's battery.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X committed a battery on the person of Plaintiff;

b) Adjudging that BHAS, as the secured party that hired Does I-X is liable for its battery;

c) Awarding Plaintiff his actual damages in an amount to be proved at trial;

d) Awarding Plaintiff exemplary damages in an amount to be proved at trial

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 23, 2021

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone:   602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff