United States District Court
Southern District of Texas
**ENTERED**
March 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD SINEGAL, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-3102 |
| BIG HORN AUTO SALES, INC. AND ROBERT JOHN PYRON, D/B/A, TEXAS RECOVREY SOLUTIONS, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Gerald Sinegal bought a 2007 Chevrolet Silverado from Big Horn Auto Sales. Big Horn hired Texas Recovery Solutions to repossess the vehicle based on Sinegal's failure to pay, a remedy permitted under the parties' financing agreement. While the vehicle was parked outside Sinegal's home, Texas Recovery Solutions loaded the vehicle onto the tow truck, with Sinegal and his cousin inside the vehicle. Sinegal sued Texas Recovery Solutions for unfair debt collection practices under 15 U.S.C. § 1692f and for violating Section 9.609 of the Texas Business and Commerce Code, which requires a secured party to proceed without breaching the peace during a repossession. Sinegal sued both Big Horn and Texas Recovery Solutions under Section 392.301 of the Texas Finance Code, which prohibits threatening or coercive tactics during repossession, and for battery. Texas Recovery filed an answer and Big Horn moved to dismiss based on lack of jurisdiction.

Based on the pleadings; the motion and response; and the applicable law, the motion to dismiss, (Docket Entry No. 6), is denied. The reasons for this ruling are explained below.

I.      **Background**

In the summer of 2020, Sinegal bought a 2007 Chevrolet Silverado from Big Horn Auto Sales. Under the financing agreement, Big Horn retained a purchase money security interest in the vehicle. After Sinegal failed to make the payments, Big Horn hired Texas Recovery Solutions as an independent contractor to repossess the vehicle at Sinegal's home. Sinegal's cousin was in the vehicle when the repossession agents arrived at Sinegal's home on November 30, 2020. After seeing the repossession agents, Sinegal joined his cousin in the vehicle. Sinegal verbally protested the repossession and demanded that Texas Recovery Solutions leave his property immediately. Texas Recovery Solutions refused to leave, crashed the tow truck into the vehicle, and lifted the car onto the tow truck while Sinegal and his cousin remained inside. Sinegal alleges that his leg was trapped inside the vehicle's door and his knee was injured. (Docket Entry No. 7 at 2–3, Docket Entry No. 16 at 1–2).

Sinegal sued for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, Section 9.609 of the Texas Business and Commerce Code, Section 392.301 of the Texas Finance Code, and for battery under Texas law. Big Horn moved to dismiss. Sinegal filed an amended complaint, Big Horn provided notice that it was reurging its motion to dismiss as to the amended complaint, and Sinegal responded. (Docket Entry Nos. 7, 15, 16). Texas Recovery Solutions answered the complaint. (Docket Entry No. 24).

II.     **The Legal Standards**

A,     **A Rule 12(b)(1) Motion to Dismiss**

Under Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012)

2

(quotation marks omitted).  The plaintiff has the burden to establish subject-matter jurisdiction. *Id.* "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).  Federal-question jurisdiction exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law. 28 U.S.C. § 1331.

### B.	A Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

3

556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.     Analysis**

Big Horn argues that the court does not have jurisdiction because Sinegal has failed to state a claim against it under 15 U.S.C. § 1692f(6). Big Horn argues that it is not a "debt collector" under the Federal Debt Collection Practices Act and that it did not violate 15 U.S.C. § 1692f(6) because it had a right to repossess. But Sinegal's claims under 15 U.S.C. § 1692f(6) are against Texas Recovery Solutions, not against Big Horn. Texas Recovery has not moved to dismiss, and Big Horn has not argued that Texas Recovery is excluded from the requirements of 15 U.S.C. § 1692f. This section applies to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C.A. § 1692a. The Supreme Court recently explained that an agent hired to carry out a nonjudicial foreclosure, "by virtue of its role enforcing security interests, [is] at least subject to the

4

specific prohibitions contained in § 1692f(6)." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019). Sinegal has alleged that Texas Recovery Solutions was responsible for enforcing Big Horn's security interest, so § 1692f(6) applies.

Big Horn additionally argues that Sinegal has failed to state a claim under § 1692f(6) because Big Horn had a present and valid right to repossess the vehicle based on Sinegal's failure to make payments. Again, Sinegal's claim under § 1692f(6) is against Texas Recovery Solutions, not Big Horn, and Texas Recovery has not moved to dismiss the claim.

Big Horn has also not shown that Texas Recovery had a right to repossess the vehicle. Courts look to state law to determine whether the "secured party had a 'present right' to possession of the collateral." *See, e.g.*, *Thomas v. Gen. Motors Fin. Co., Inc.*, No. 5:19-CV-1418-DAE, 2020 WL 8771387, at *4 (W.D. Tex. Mar. 18, 2020), *reconsideration denied*, No. 5:19-CV-1418-DAE, 2020 WL 8771383 (W.D. Tex. Apr. 30, 2020) (quoting *Pflueger v. Auto Finance Group, Inc.*, CV 97–9499–CAS, 1999 WL 33740813, at *5 (C.D. Cal. Apr. 26, 1999)). Under Texas law, "[a]fter default, a secured party . . . may take possession of the collateral . . . without judicial process, if it proceeds without breach of the peace." Tex. Bus. & Com. Code § 9.609. Sinegal alleges that Texas Recovery Solutions did not have a right to repossession under 15 U.S.C. § 1692f because it breached the peace and continued with the repossession over Sinegal's protest, which led to Sinegal's physical injury.

"One factor for courts to consider when determining if a breach of the peace occurred is whether there was a confrontation between the repossession agent and the debtor. If there was a confrontation, the court must decide whether the agent avoided additional confrontation." *Davis v. Toyota Motor Credit*, No. CIV.A. H-12-0287, 2013 WL 4786328, at *8 (S.D. Tex. Sept. 6, 2013). Sinegal alleges that Texas Recovery confronted him, crashed the tow truck into the vehicle

5

while he and his cousin were inside, then lifted the vehicle onto the tow truck with him and his cousin inside, injuring Sinegal's leg, which was stuck in the door. Sinegal has sufficiently alleged that Texas Recovery did not have a right to repossess as it did.

Big Horn moves to dismiss the state-law claims for lack of jurisdiction, based on the court's dismissal of the federal claim. Because the court has federal-question jurisdiction based on Sinegal's claim under § 1692f, and the state-law claims are part of the same case or controversy involving "a common nucleus of operative fact," the court has jurisdiction over the state-law claims under 28 U.S.C. § 1367(a). *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 943–44 (5th Cir. 2013) (citation and quotation marks omitted).

## IV. Conclusion

Big Horn's motion to dismiss, Docket Entry No. 6, is denied. The initial conference, set for Friday, March 18, 2022, will proceed as scheduled.

SIGNED on March 16, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge